[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15155
_____

D.C. Docket No. 1:04-cv-02592-ODE

DENNIS SMITH,
Individually and on behalf of all others similarly situated,

Plaintiff–Appellant,

JACKLIN TOMA,

Consol. Plaintiff,

IVONNE BERMUDEZ,

Intervenor–Plaintiff,

versus

DELTA AIR LINES INC.,
GERALD GRINSTEIN,
LEON PIPER,
ADMINISTRATIVE COMMITTEE OF DELTA AIR LINES, INC.,
BENEFIT FUND INVESTMENT COMMITTEE, et al.,

Defendants–Appellees,

PERSONNEL & COMPENSATION COMMITTEE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 29, 2015)

## ON REMAND FROM THE SUPREME COURT
## OF THE UNITED STATES

Before HULL, MARCUS, and DUBINA, Circuit Judges.

PER CURIAM:

This case is before us on remand from the United States Supreme Court for our consideration in light of *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. ___, 134 S. Ct. 2459 (2014).  After reviewing the pertinent materials, including supplemental briefs from the parties on remand, we conclude that the *Fifth Third* decision does not alter our prior disposition of this case.  Accordingly, we again affirm the district court's judgment of dismissal entered in March 2006.

## I.  BACKGROUND

Delta Air Lines offers its employees a defined contribution savings plan that has a variety of different investment options, including Delta stock.  Dennis Smith is a former Delta employee who participated in the plan and lost money when the price of Delta stock declined between 2000 and 2004.  In March 2005, Smith filed an amended class action complaint under the Employee Retirement Income

2

Security Act of 1974 against Delta and the fiduciaries of the plan alleging that they breached their duty to prudently manage the plan's assets, their duty to monitor, their duty to disclose, and their duty of loyalty. As to the prudence claim, the complaint specifically alleges that the fiduciaries imprudently invested in Delta securities in the face of disappointing financial performance, loss in competitive advantage, and concerns about Delta's ability to survive in the industry. In light of this information, Smith contends that the fiduciaries failed to investigate the viability of Delta stock and maintained its adherence to the plan documents, regardless of the harm to the plan participants, thus breaching their duty to prudently manage the plan's assets.

Delta filed a motion to dismiss the amended complaint for failure to state a claim, and the district court granted the motion. While an appeal from that decision was pending, our circuit decided *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267 (11th Cir. 2012), which clarified the legal standard for evaluating ERISA claims against plan fiduciaries arising out of employer stock investments as part of an employee stock ownership program (ESOP). Because the district court did not have the benefit of our *Lanfear* decision, we remanded the case to the district court with instructions that it apply *Lanfear* to the amended complaint. The district court complied with our mandate and again concluded that Smith failed to state a claim.

3

On appeal, we affirmed the district court's judgment of dismissal. *Smith v. Delta Air Lines*, 563 F. App'x 681, 682 (11th Cir. 2014). Soon thereafter, the Supreme Court decided *Fifth Third*, and Smith filed a petition for rehearing in our court, arguing that our decision was inconsistent with *Fifth Third*. We denied rehearing on September 10, 2014. Smith then filed a petition for writ of certiorari in the Supreme Court. The Supreme Court granted Smith's petition, vacated our judgment, and remanded the case to this court for further consideration of the prudence claim in light of *Fifth Third*. *Smith v. Delta Air Lines, Inc.*, 135 S. Ct. 1421, 1421 (2015).

## II.  DISCUSSION

In *Fifth Third*, the Supreme Court clarified that "ESOP fiduciaries are subject to the same duty of prudence that applies to ERISA fiduciaries in general, except that they need not diversify the fund's assets." 134 S. Ct. at 2463, 2467. The Court noted that 29 U.S.C. § 1104(a)(2) does not refer to a special presumption for ESOP fiduciaries. *Id.* at 2467. Rather, this section "provides that an ESOP fiduciary is exempt from § 1104(a)(1)(C)'s diversification requirement and also from § 1104(a)(1)(B)'s duty of prudence, but '*only to the extent that it requires diversification.*'" *Id.* (quoting § 1104(a)(2) (emphasis added)). Thus, ESOP fiduciaries are not liable for losses that result from a failure to diversify, but they are still subject to the duty of prudence, like any other ERISA fiduciary. *Id.*

4

The Court also recognized that a presumption of prudence, which we endorsed in *Lanfear*, 679 F.3d at 1279, "is [not] an appropriate way to weed out meritless lawsuits" against ESOP fiduciaries. *Id.* at 2470. The Court maintained that the important task of weeding out meritless lawsuits "can be better accomplished through careful, context-sensitive scrutiny of a complaint's allegations" when deciding a motion to dismiss for failure to state a claim. *Id.* at 2470–71. In analyzing these allegations at the motion-to-dismiss stage, the Court cautioned that allegations based on "over- or undervaluing the stock are implausible as a general rule, at least in the absence of special circumstances." *Id.* at 2471. Thus, "a fiduciary usually 'is not imprudent to assume that a major stock market provides the best estimate of the value of the stocks traded on it that is available to him.'" *Id.* (alteration omitted) (quoting *Summers v. State Street Bank & Trust Co.*, 453 F.3d 404, 408 (7th Cir. 2006)).

Smith's prudence claim falls squarely within the class of claims the Supreme Court deems "implausible as a general rule." *Id.* The crux of his prudence claim is that the Delta fiduciaries should have foreseen that Delta stock would continue to decline. There is no allegation in the amended complaint that the fiduciaries had material inside information about Delta's financial condition that was not disclosed to the market, nor is there any allegation of a "special circumstance [that rendered] reliance on the market price imprudent," *id.* at 2472, such as fraud, improper

5

accounting, illegal conduct or other actions that would have caused Delta stock to trade at an artificially inflated price.  Absent such circumstances, the Delta fiduciaries cannot be held liable for failing to predict the future performance of the airline's stock.  *See id.* at 2471–72.  Thus, while *Fifth Third* may have changed the legal analysis of our prior decision, it does not alter the outcome.

Accordingly, upon remand, we reaffirm our prior disposition consistent with this opinion.  The judgment of dismissal is affirmed.

AFFIRMED.